IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00028-MR-WCM

| | |
|---|---|
| DARRYL K. MCMAHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LOWELL S. GRIFFIN, | ) |
| *in his Official Capacity* | ) |
| *as Sheriff of Henderson County,* | ) |
| WESTERN SURETY COMPANY | ) |
| *as Surety for the Sheriff* , | ) |
| KENNETH B. CLAMSER | ) |
| *Individually and in his Official* | ) |
| *Capacity* | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter is before the Court on Plaintiff's Consent Motion for Protective Order (the "Motion," Doc. 12). The Motion is granted, and the parties' proposed Order is accepted, *except as amended where indicated.*

\*\*\*

By the Motion, Plaintiff, through counsel, seeks a protective order regarding his medical records and private health information in the following related cases, which were previously consolidated for purposes of discovery (the "Related Cases"):

(1) Darryl K. McMahan v. Lowell S. Griffin, in his Official Capacity

as Sheriff of Henderson County, Western Surety Company, as Surety for the Sheriff, Kenneth B. Clamser, Individually and in his Official Capacity, No. 1:22-cv-00028-MR-WCM;

(2) Darryl K. McMahan v. Lowell S. Griffin, in his Official Capacity as Sheriff of Henderson County, Western Surety Company, as Surety for the Sheriff, Kenneth B. Clamser, Individually and in his Official Capacity, No. 1:22-cv-00029-MR-WCM;

(3) Darryl K. McMahan v. Lowell S. Griffin, in his Official Capacity as Sheriff of Henderson County, Western Surety Company, as Surety for the Sheriff, Kenneth B. Clamser, Individually and in his Official Capacity, No. 1:22-cv-00030-MR-WCM;

(4) Darryl K. McMahan v. Lowell S. Griffin, in his Official Capacity as Sheriff of Henderson County, Western Surety Company, as Surety for the Sheriff, Kenneth B. Clamser, Individually and in his Official Capacity, No. 1:22-cv-00031-MR-WCM;

(5) Darryl K. McMahan v. Lowell S. Griffin, in his Official Capacity as Sheriff of Henderson County, Western Surety Company, as Surety for the Sheriff, Kenneth B. Clamser, Individually and in his Official Capacity, No. 1:22-cv-00032-MR-WCM;

(6) Darryl K. McMahan v. Lowell S. Griffin, in his Official Capacity as Sheriff of Henderson County, Western Surety Company, as Surety for the Sheriff, Kenneth B. Clamser, Individually and in his Official Capacity, No. 1:22-cv-00033-MR-WCM;

(7) Darryl K. McMahan v. Lowell S. Griffin, in his Official Capacity as Sheriff of Henderson County, Western Surety Company, as Surety for the Sheriff, Kenneth B. Clamser, Individually and in his Official Capacity, No. 1:22-cv-00034-MR-WCM;

(8) Darryl K. McMahan v. Lowell S. Griffin, in his Official Capacity as Sheriff of Henderson County, Western Surety Company, as Surety for the Sheriff, Kenneth B. Clamser, Individually and in his Official Capacity, No. 1:22-cv-00035-MR-WCM;

(9) Darryl K. McMahan v. Lowell S. Griffin, in his Official Capacity as Sheriff of Henderson County, Western Surety Company, as Surety for the Sheriff, Kenneth B. Clamser, Individually and in his Official Capacity, No. 1:22-cv-00036-MR-WCM; and

(10) Darryl K. McMahan v. Lowell S. Griffin, in his Official Capacity as Sheriff of Henderson County, Western Surety Company, as Surety for the Sheriff, Kenneth B. Clamser, Individually and in his Official Capacity, No. 1:22-cv-00037-MR-WCM.

Plaintiff's medical records and private health information will be disclosed by and among the parties *in the Related Cases* ~~to the above captioned proceeding, as well as cases 1: 22-cv- 29-37~~, which documents and information are generally protected from disclosure by federal regulations and by the U.S. Constitution. Plaintiff has therefore sought an order from the Court protecting this information from disclosure outside of the litigation, with consent of counsel for the Defendants.

By consent, IT IS HEREBY ORDERED THAT:

1. Any of Plaintiff's private health information disclosed in this action which is asserted by Plaintiff to constitute confidential information shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL BY PROTECTIVE ORDER, Case No. 1:22-CV-28" or a comparable notice (hereinafter, "Confidential Information"). *Unless otherwise directed by the Court*, such Confidential Information

3

shall be disclosed at any hearing, trial, or other proceeding in this action only to Court personnel, to the parties, and to counsel for the parties and their employees.

2. In the absence of written permission from the Plaintiff or an order by the Court, any Confidential Information obtained in accordance with Paragraph 1 above shall not be disclosed to any person other than: (i) the Court and the employees thereof, (ii) court reporters and stenographers engaged for the taking of testimony, (iii) the parties to this action and their counsel, including necessary secretarial, paralegal and clerical personnel assisting such counsel; or (iv) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party. Any such Confidential Information shall be used solely for the purpose of this original action and in preparation for trial.

3. Confidential Information obtained in accordance with the provisions of Paragraph 1 above shall not be made available to any person designated in Paragraph 2(iv) unless he or she shall have first read this Order and shall have agreed, by letter submitted to Plaintiff's counsel: (i) to be bound by the terms thereof, (ii) not to reveal such

4

Confidential Information to anyone other than another person designated in Paragraph 2; and (iii) to utilize such Confidential Information solely for purposes of this litigation.

4. If any persons, other than those identified above in Paragraph 2, are provided with any Confidential Information, such information shall remain confidential and such persons receiving said information shall remain subject to the conditions of this Protective Order.

5. Any Confidential Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to Western District Local Rule 6.1. Any portion of a transcript in connection with this action containing any Confidential Information identified by Plaintiff pursuant to Paragraph 1 shall be filed under seal pursuant to Western District Local Rule 6.1. A party may designate such portions of the transcript by a statement to that effect on the record by counsel for either side during or before the close of the deposition or hearing, or in writing within thirty (30) days of the designating party's receipt of any transcript thereof. When any Confidential Information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be

made with the court reporter recording the proceeding to bind such confidential portions and separately label them "CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER."

6. If Confidential Information obtained in accordance with Paragraph 1 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to opposing counsel and the Court, and, without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information. Should the Confidential Information be obtained in a manner outside of the means and mechanisms contemplated and described in this Order, then that information shall not be subject to this Order, except that such information shall be used solely for the purpose of this action.

7. Upon final adjudication of this action, the disposition of all Confidential Information subject to the provisions of this Order (including any copies made and/or computer materials made or stored) shall be subject to a final order of the Court.

As discovery has been consolidated, **IT IS FURTHER ORDERED** that the Clerk is respectfully directed to file a copy of this Order in each of the Related Cases.

Signed: August 2, 2022

W. Carleton Metcalf
United States Magistrate Judge